IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
AT MUSKOGEE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALYSSA LYNN TURNER,<br><br>Defendant. | Case No. 6:21-cr-00270-JWD |

**UNOPPOSED MOTION AND BRIEF IN SUPPORT OF ORDER
TO EXTEND ALL SCHEDULING ORDER DATES**

COMES NOW, the defendant, Alyssa Lynn Turner, through counsel, and moves for a continuance of the trial currently scheduled for April 12, 2022, and an extension of all deadlines set forth in this Court's January 28, 2022, scheduling order (Docket No. 41). This motion and brief requests a continuance to the June 2022, trial docket, and is unopposed by the government. In support of this motion, counsel states as follows:

1. On July 27, 2021, the government filed an indictment against Ms. Turner charging: Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152 (Count 1); Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i)(ii)(iii) (Count 2); and Causing the Death of A person in the Course of a Violation of Title 18, United States Code, Section 924(c) in violation of 18 U.S.C. § 924(j)(1) (Count 3). (Docket No. 15). The indictment also contains a Forfeiture Allegation. A superseding indictment with the same charges was returned on February 8, 2022, (Docket No. 43) and an arraignment was held on February 17, 2022. A jury trial is currently scheduled for April 12, 2022.

2. Given Ms. Turner's charges and the significant liberty interests at stake, counsel requests additional time in order to provide Ms. Turner with effective representation under the Sixth Amendment. Counsel needs additional time to receive discovery, investigate, and prepare Ms. Turner's defense. *See United States v. King*, 664 F.2d 1171, 1173 (10th Cir. 1981) (inadequate preparation by defense counsel caused by unreasonable time constraints imposed by a trial court violates the Sixth Amendment).

3. Initial discovery was provided to the defense by Assistant U.S. Attorney David Youll on August 6, 2021. Sometime thereafter, Mr. Youll left the U.S. Attorney's Office, and Assistant U.S. Attorney Jordan Howanitz entered his appearance in this case. (Docket No. 35). Mr. Youll's withdrawal was granted on December 3, 2021, (Docket No. 37), and Mr. Howanitz provided supplemental discovery on December 8, 2021. Supplemental discovery was also provided on January 12, 2022, February 1, 2022, and February 24, 2022. Discovery is still outstanding, and the discovery process has been more difficult to navigate due to the numerous agencies, agents, and attorneys involved. Mr. Howanitz has advised that his office is still in the process of collecting discovery, with further discovery forthcoming.

4. Defense has retained an expert to evaluate Ms. Turner. The expert's complete review of discovery is necessary before she can fully evaluate Ms. Turner and render an opinion. As indicated above, the discovery is not yet complete. Given the difficulties of travel with COVID and all of the schedules involved, additional time is necessary to travel and meet with Ms. Turner to review the discovery, allow the expert to thoroughly conduct her evaluation, and to investigate this case. A preliminary review of the case by the retained expert also necessitated hiring an additional expert. The original retained expert needs complete discovery before she

can finalize a report, which given her current schedule cannot be completed by the currently scheduled trial date. The additional time requested after completion of the report is necessary due to the expert's unavailability for trial until June 2022.

5. The 90 days requested is not sought for the purpose of delay, but merely to allow counsel sufficient time to effectively and thoroughly research, prepare and file appropriate pretrial motions, prepare for trial, and have expert assistance, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel needs additional time to receive and process new discovery, review that discovery, conduct legal research, meet with Ms. Turner, allow the expert to continue her evaluation, and undertake investigation. This will determine what, if any, pretrial issues must be litigated, and whether the case will ultimately go to trial or be resolved through negotiations with the government. It is possible that upon completion of the expert's report, it could lead to negotiations with the government that could resolve the case short of trial. Given the potential life sentence if convicted as charged, Ms. Turner is requesting a continuance of the trial date and all associated deadlines.

6. The granting of the continuance should result in the delay being excluded under the Speedy Trial Act as the ends of justice are best served by allowing counsel the additional time necessary for effective preparation given counsel's exercise of due diligence, as required under 18 U.S.C. §§ 3161(h)(7)(A) and (B). Because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial, the period would be excludable time for speedy trial purposes. Counsel cannot provide the effective assistance of counsel otherwise. A Speedy Trial Waiver executed by Ms. Turner will be filed contemporaneously with this motion and brief.

7.  Should a resolution of this matter not be reached between the parties, counsel requires additional time within which to complete the investigation and to prepare legal defenses. Such investigation will require interviewing witnesses, consulting with appropriate experts, serving subpoenas, discussing key legal concepts and strategy with Ms. Turner, and investigating potential mitigation evidence.

8.  Counsel is among the many out-of-jurisdiction defender offices and panel attorneys appointed to assist in handling the influx of cases resulting from the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. __ (2020). Counsel is based in Des Moines, Iowa. Ms. Turner is incarcerated in the Muskogee County Jail. The alleged crime took place in Wilburton, Oklahoma. Most, if not all, witnesses in this case are in and around Latimer County, Oklahoma. The logistics associated with visiting Ms. Turner and investigating the case are additional compelling reasons to grant the continuance requested.

9.  Counsel for the government, Assistant U.S. Attorney Jordan Howanitz, indicates that he does not oppose this motion and agrees on the June 2022 trial date.

10. Trial in this matter has previously been continued. This is the third motion to continue trial filed in this case.

WHEREFORE, defendant Alyssa Lynn Turner requests a continuance of the current trial date to June 2022, and a corresponding extension of the all deadlines.

Respectfully Submitted March 10, 2022,

> FEDERAL PUBLIC DEFENDER'S OFFICE
> Northern and Southern Districts of Iowa
>
> */s/ Melanie S. Keiper*
> Melanie S. Keiper, Assistant Federal Defender
> 400 Locust Street, Suite 340
> Des Moines, Iowa 50309-2353
> PHONE: (515) 309-9610   FAX: (515) 309-9625
> E-MAIL: melanie_keiper@fd.org
> ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, I electronically filed this document with the Clerk of Court using the ECF system, which will serve it on the appropriate parties.

> */s/ Morgan Conn*, Paralegal