IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
AT MUSKOGEE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALYSSA LYNN TURNER,<br><br>Defendant. | Case No. 6:21-cr-00270-JWD |

**MOTION TO DISMISS COUNT TWO OR THREE
FOR VIOLATION OF THE DOUBLE JEOPARDY CLAUSE
AND/OR ON MULTIPLICITY GROUNDS**

COMES NOW defendant, Alyssa Lynn Turner, by and through counsel, pursuant to the Fifth Amendment to the United States Constitution and Rule 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure, and respectfully moves this Honorable Court to dismiss either Count Two or Three of the Superseding Indictment based on double jeopardy and/or multiplicity.

Ms. Turner is charged with three counts. Count One charges a violation of 18 U.S.C. §§ 1111(a), 1151, and 1152, murder in Indian Country of Emmett Carshall. Count Two charges a violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) &(iii), while Count Three charges a violation of 18 U.S.C. § 924(j)(1). Counts Two and Three allege separate federal firearms offenses for the same alleged act of murdering the same victim on the same date. As discussed more fully below, section 924(j) fully incorporates all elements of section 924(c). Other federal circuits have concluded that 924(c) is a lesser-included offense of 924(j) and that it violates double jeopardy to seek multiple convictions and sentences under sections 924(c) and 924(j) for the same act. In further support of this motion, the defendant offers the following:

Counts Two and Three of the Superseding Indictment charge the murder of Emmett Carshall on July 2, 2021, in Indian Country. The same July 2, 2021, allegation of murder involving the same victim is being used to supply the basis for two additional federal offenses charged in this case; to wit, as an instance of use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence, that is murder in Indian Country, as charged in Count Two in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii), and as an instance of use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence, that is murder, as charged in Count Three in violation of 18 U.S.C. § 924(j). Ms. Turner is the only named defendant in Counts Two and Three.

This motion challenges the lawfulness of seeking multiple convictions and sentences under §§ 924(c) and 924(j) for the same act. 18 U.S.C. § 924(c)(1)(A) provides, in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(j) states:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life. . . .

Section 924(c) requires proof that the defendant knowingly used or carried a firearm during and in relation to a crime of violence. Section 924(j) requires proof of the same, with the additional element that the defendant caused a death in the course of a 924(c) violation.

As is pertinent here, the Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy thus protects against multiple punishments for the same offense.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007). But "multiplicity is not fatal to an indictment." *Id.* Indeed, the government may under some circumstances, which are not present here, submit multiplicitous charges to the jury. *See United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005).

However, the government may not submit multiple counts that result in multiplicitous convictions and punishments for a single criminal offense. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). Multiplicitous counts which result in multiplicitous convictions are considered "improper because they allow multiple punishments for a single criminal offense." *Id.* Multiplicity's fatal vice therefore occurs when the indictment presents the jury with an opportunity to convict the defendant on multiple counts and subject the defendant to multiple punishments for the same crime. *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992). What's more, multiplicity impermissibly "suggest[s] to the jury that the defendant has committed more than one crime." *Id.; accord United States v. Ball*, 470 U.S. 856, 867–68 (1985) (Stevens, J., concurring) (quoting *Chichos v. Indiana*, 385 U.S. 76, 81 (1966) (Fortas, J., dissenting from dismissal of certiorari)).

The test for multiplicity is whether it is the acts as alleged in the counts that are prohibited, or whether it is the course of conduct which the acts constitute that is prohibited. *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002). While the former permits multiple punishments, the latter permits only one. *Id.* Where a defendant is convicted of multiplicitous charges, "the district court must vacate one of the convictions." *Nickl*, 427 F.3d at 1301.

In *United States v. Rentz*, the Tenth Circuit considered whether multiple § 924(c) charges require separate instances of "use, carry, or possession." 777 F.3d 1105, 1108 (10th Cir. 2015) (en banc). The *en banc* court framed the issue as "whether, as a matter of statutory interpretation, § 924(c)(1)(A) authorizes multiple charges when everyone admits there's only a single use, carry, or possession." *Id.* After conducting a thorough analysis, the court held that each § 924(c) charge "requires an independent use, carry, or possession." *Id.* at 1115.

As stated above, the multiplicity test is whether it is the acts as alleged in the counts that are prohibited, or whether it is the course of conduct which the acts constitute that is prohibited. First, in the present case, Counts Two and Three do not allege multiple events of "use, carry, or possession." There is but the single act of allegedly murdering Carshall. Second, because each § 924(c) charge must have a separate instance of "use, carry, or possession," it follows that separate counts under §§ 924(c) and (j) must also require separate instances of "use, carry, or possession." Here, because Counts Two and Three do not, they are multiplicitous.

The possibility of multiplicitous sentences obviously raises double jeopardy concerns. *Moorehead*, 959 F.2d at 1505. Where multiple counts cover the same criminal behavior, the double jeopardy issue is whether Congress intended multiple convictions and sentences under the

statute. *See Garrett v. United States*, 471 U.S. 773, 779 (1985). Courts must therefore first examine the language of the statute and its legislative history to determine whether Congress intended multiple convictions and sentences. Where this is not practicable, courts must apply the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), "to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively." *Whalen v. United States*, 445 U.S. 684, 691 (1980).

As detailed below, because Congress did not intend multiple convictions under §§ 924(c) and (j), this Court must apply the *Blockburger* test. The *Blockburger* test asks whether each of two distinct statutory provisions requires proof of a fact or element which the other does not. *See Blockburger*, 284 U.S at 304.

Although the Tenth Circuit lacks a pattern jury instruction for § 924(j), its § 924(c) instruction bolsters the conclusion that not only are Counts Two and Three multiplicitous, they also do not pass *Blockburger* muster.[1] Moreover, the language of §§ 924(c) and (j) plainly

---

[1] The elements of 924(c) are:

> First: the defendant committed the crime of [name of crime], [as charged in count __ of the indictment.] You are instructed that [name of crime] is a [drug trafficking crime] [crime of violence];
>
> Second: the defendant used or carried a firearm;
>
> Third: during and in relation to [name of crime].

Tenth Circuit Pattern Criminal Jury Instruction 2.45.

And

> First: the defendant committed the crime of [as charged in count ————— of the indictment], which is a [drug trafficking crime] [crime of violence];

supports the conclusion that the latter only differs from the former in that it requires the additional element that the defendant caused a death in the course of a 924(c) violation. *See also United States v. Hargrove*, 382 F. App'x 765, 782–83 (10th Cir. 2010) (discussing the necessary elements to sustain a § 924(j) conviction); *United States v. Kepler*, No. 20-cr-00276-GKF, 2021 WL 4027203, at *5 (N.D. Okla. Sept. 3, 2021) ("[The defendant] was convicted of a § 924(j) offense, which criminalizes causing the death of a person through use of a firearm while in the course of a violation of 18 U.S.C. § 924(c).").

More persuasively, the First, Second, Fourth, Fifth, Sixth, and Ninth Circuits have all held or commented that cumulative sentencing for the same conduct under §§ 924(c) and 924(j) violates double jeopardy. *See United States v. Garcia-Ortiz*, 657 F.3d 25, 27–31 (1st Cir. 2011) (holding that multiple sentences not allowed as § 924(c) is a lesser-included offense of § 924(j)); *United States v. Gonzales*, 841 F.3d 339, 355 (5th Cir. 2016) (observing that every element of § 924(c) is also an element of § 924(j) and is thus the "same offense" for double jeopardy purposes); *United States v. Sanchez*, 623 F. App'x 35, 38 n.1 (2d Cir. 2015) (observing that a section 924(c) conviction was vacated without opposition by the government because it was a lesser-included offense of the § 924(j) charge); *United States v. Wilson*, 579 F. App'x 338, 348 (6th Cir. 2014) (observing that § 924(c) is a lesser-included offense of § 924(j), thus, for double jeopardy purposes, § 924(c) counts as the "same offense" as § 924(j) and it was improper to impose sentences under both §§ 924(c) and 924(j)); *United States v. Palacios*, 982 F.3d 920, 924–25 (4th Cir. 2020) (Double Jeopardy Clause prohibits cumulative punishment for

---

Second: the defendant possessed a firearm in furtherance of this crime.

Tenth Circuit Pattern Criminal Jury Instruction 2.45.1

convictions based on the same conduct under §§ 924(c) and 924(j)); *United States v. Ablett*, 567 F. App'x 490, 491 (9th Cir. 2014) (government conceded a Double Jeopardy Clause violation where defendant was sentenced twice for the same offense under §§ 924(c) and 924(j)).

In a different context, the Eighth Circuit commented that § 924(j) expressly incorporates § 924(c) and thus cannot be read independently from § 924(c). *United States v. Allen*, 247 F.3d 741, 769 (8th Cir. 2001) (finding § 924(j) is fairly interpreted as an additional aggravating punishment for the scheme already set out in section 924(c)), *vacated on other grounds,* 536 U.S. 953 (2002).

In applying the *Blockburger* test, the Tenth Circuit has observed that a court must ensure that one offense is not a lesser-included offense of the other. *United States v. Isabella*, 918 F.3d 816, 848 (10th Cir. 2019). Courts must determine whether both offenses require proof of any element that is not part of the other offense. A lesser-included offense is a crime that is necessarily committed in carrying out the greater offense. *United States v. Benoit*, 713 F.3d 1, 12–14 (10th Cir. 2013). For double jeopardy purposes, the lesser-included offense is considered the same offense as the greater offense so that acquittal or conviction of either offense precludes a separate trial or conviction for the other. *Id.*

Here, it is clear that § 924(j) requires proof of a violation of § 924(c). It follows that § 924(c) is a lesser-included offense of § 924(j). *See United States v. Garcia-Ortiz*, 657 F.3d 25, 28 (1st Cir. 2011) (noting that a conviction under § 924(j) necessarily includes a finding that the defendant violated § 924(c)).

The Fifth Circuit has rejected the applicability of *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), to §§ 924(c) and 924(j). *Gonzales*, 841 F.3d at 358. Under *Hunter*, a defendant may

receive cumulative punishment for the same acts if the legislature specifically authorized cumulative punishment.  In the context of §§ 924(c) and 924(j), § 924(j) says nothing about the legislature's intent to impose cumulative punishment or a § 924(j) sentence running consecutively to a § 924(c) conviction. *Gonzales*, 841 F.3d at 357.  Further, both offenses are subsections of the same law, and § 924(j) expressly incorporates § 924(c). *Id*.  Respectfully, the Fifth Circuit properly concluded that there is no Congressional intent to impose cumulative punishments under both §§ 924(c) and 924(j) for the same conduct.

Finally, it is of no import that the Tenth Circuit has found that §§ 924(c) and (j) are discrete offenses. *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 (10th Cir. 2018).  Discreteness does not alter the multiplicity or double jeopardy analysis or the outcome that Counts Two and Three are multiplicitous and violative of Ms. Turner's rights under the Fifth Amendment.  Indeed, they are only discrete to the extent that one requires the additional element that the defendant caused a death in the course of a § 924(c) violation.

"A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court." *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997), *cert. denied*, 525 U.S. 829 (1998).  To avoid undue prejudice to Ms. Turner, the Court should dismiss Count Two or Three or require the government to elect the count on which it intends to proceed to trial. *See Id.*; *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) (collecting cases in support of the proposition that a multiplicitous indictment "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present") (citations omitted); *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981) (explaining multiplicitous charges "improperly

prejudice a jury by suggesting that a defendant has committed not one but several crimes"). "'Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue,' and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Johnson*, 130 F.3d at 1426 (quoting *United States v. Clarridge*, 811 F. Supp. 697, 702 (D. D.C. 1992); *accord Ball*, 470 U.S. at 867–68 (Stevens, J., concurring). "[E]ven when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one." *United States v. Smith*, 112 F.2d 83, 85 (2d Cir. 1940). Pretrial disposition of this motion is appropriate to prevent improper prejudice.

WHEREFORE, based on the foregoing, Ms. Turner respectfully moves this Honorable Court for an Order dismissing either Count Two or Count Three for violating the Double Jeopardy Clause and/or on the grounds of multiplicity, and for any further relief deemed proper in these circumstances.

Respectfully Submitted March 18, 2022,

FEDERAL PUBLIC DEFENDER'S OFFICE
Northern and Southern Districts of Iowa

 /s/ Melanie S. Keiper
Melanie S. Keiper, Assistant Federal Defender
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: melanie_keiper@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

    I hereby certify that on March 18, 2022, I electronically filed this document with the Clerk of Court using the ECF system, which will serve it on the appropriate parties.

                                              /s/ *Morgan Conn*, Paralegal