IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ALYSSA LYNN TURNER,<br><br>*Defendant.* | Case No. CR-21-270-JWD |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COUNT TWO OR THREE FOR VIOLATION OF THE
DOUBLE JEOPARDY CLAUSE AND/OR MULTIPLICITOUS**

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Jordan W. Howanitz, and responds to Defendant's Motion To Dismiss Count Two or Three as Multiplicitous, as Count Two is a lesser included offense of Count Three, and a conviction and sentence for both counts would violate the Double Jeopardy Clause of the Fifth Amendment. (Doc. No. 56.)

**INTRODUCTION**

On July 27, 2021[1], the defendant was charged in a three count indictment with Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152 (Count One); Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii) (Count 2); and Causing the Death of a Person in the Course of a Violation of Title 18 United States Code § 924(c) in violation of 18 U.S.C. § 924(j) (Count 3).

---

[1] Defendant was charged by a Superseding Indictment on February 8, 2022. The Superseding Indictment contains the same charges but clarifies that Alyssa Lynn Turner is a non-Indian.

The charges stem from an incident where the defendant killed her boyfriend, Emmett Carshall, by shooting him with a handgun in the presence of her mother.

## ARGUMENT

The defendant asks this Court to dismiss Count Two or Three as multiplicitous arguing that Count Two, which charges a violation of 18 U.S.C. § 924(c), is a lesser included offense of Count Three, which charges a violation of 18 U.S.C. § 924(j).

The Court should deny the Defendant's Motion to Dismiss because the Indictment is not multiplicitous, multiplicity is not fatal to an indictment, and the government may submit multiplicitous charges to the jury. *United States v. Frierson,* 698 F.3d 1267, 1269 (10th Cir. 2012). The controlling test for multiplicity was outlined by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which held that:

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304.

The Tenth Circuit in *United States v. Pearson*, 203 F.3d 1243, 1267 (10th Cir. 2000), and *United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002), concluded that in enacting §924(c)(1) and § 924(j)(1), Congress clearly intended "to provide multiple punishments to defendants who commit violent crimes while using or carrying a firearm." Id. at 1268. In both *Pearson* and *Battle* the Tenth Circuit rejected the Double Jeopardy Clause challenge to convictions under 924(c) and (j). "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2363 (2000).

Section 924(c) of Title 18 provides for a 10-year consecutive sentence where any person uses or carries a firearm and discharges the firearm in relation to a crime of violence. *Id.* § 924(c)(1)(A)(iii). Section 924(j) of Title 18 separately provides for a sentence of death where a person causes a death defined as a murder in the course of a 924(c) violation. Under *Apprendi* the increase in penalty under 924(j) requires the Government to submit proof of both Count Two and Three to a jury and prove those beyond a reasonable doubt.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir.1992) (quotations and citations omitted). Multiplicity is not fatal to an indictment, and multiplicitous charges may be submitted to the jury. *Frierson*, 698 F.3d at 1269; *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007); *United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005). Multiplicitous sentences, however, violate the Double Jeopardy Clause. *Id.* If a defendant is convicted of both charges, the district court must vacate one of the convictions. *Id.*

In this case, the defendant's conduct of pulling out a handgun and shooting the victim resulting in his death, was one act of criminal behavior. Count Two and Count Three both charge the defendant relating to her conduct during this single act. The government would concede that 18 U.S.C. § 924(c) is a lesser included offense of 18 U.S.C. § 924(j), as 18 U.S.C. § 924(j) requires a violation of 18 U.S.C. § 924(c), plus the added element of "and caused the death of a person through the use of a firearm."

Any reservations regarding the submission of both Count Two and Count Three to the jury could be alleviated through the use of appropriate jury instructions. *United States v. Bolt*, 776 F.2d 1463, 1467 (10th Cir. 1985). The jury can be instructed that all counts of the indictment relate to a single incident and not three separate acts of conduct. Should the defendant be convicted of all

counts at trial, a remedy for any multiplicity issues at sentencing would be to proceed on only the greatest offense dismissing any remaining multiplicitous counts. "Where multiplicitous convictions are found, 'the only remedy ... is ... to vacate one of the underlying convictions as well as the ... sentence based upon it.'" *Barrett*, 496 F.3d at 1095 (quoting *Rutledge v. United States*, 517 U.S. 292, 301–02 (1996)).

## CONCLUSION

Because multiplicitous charges are not fatal to an indictment and can properly be submitted to a jury, the defendant's request for an Order dismissing Count Two or Three should be denied. Additionally, the multiplicitous counts can be remedied though appropriate jury instructions. Should the jury return a verdict of guilty on both Count Two and Count Three, the proper remedy would be to vacate the conviction of Count Two at the time of sentencing.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/ Jordan W. Howanitz
JORDAN W. HOWANITZ, TN Bar #035622
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401
(918) 684-5100
Jordan.Howanitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Melanie S. Keiper
Attorney for the Defendant

                                                s/Jordan W. Howanitz
                                                JORDAN W. HOWANITZ
                                                Assistant United States Attorney