## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | **Case No. CR-21-270-JWD** |
| **ALYSSA LYNN TURNER,** | |
| *Defendant.* | |

### UNITED STATES' SENTENCING MEMORANDUM

COMES NOW the Plaintiff, United States of America, by and through United States Attorney Christopher J. Wilson and Jordan Howanitz, Assistant United States Attorney, and hereby submits the following Sentencing Memorandum pursuant to the Court's Order. (Dkt. 88). For the reasons set forth herein, the Government recommends the Court accept the Plea Agreement and sentence Defendant to a term of imprisonment of 120 months followed by a term of supervised release of three (3) years. (Dkt. 73).

### INTRODUCTION

On June 10, 2022, Alyssa Lynn Turner, Defendant, accepted responsibility for and pleaded guilty to Manslaughter in Indian Country as charged in the Information filed the same day. Pursuant to its *Rule 11(c)(1)(C)* plea agreement, the United States and Defendant jointly recommend a sentence consisting of incarceration for 120 months followed by three years of supervised release. That sentence is supported by the sentencing factors in *18 U.S.C. § 3553(a)*, *18 U.S.C.S. app. § 6B1.2*, *Hughes v. United States*, 138 S. Ct. 1765 (2018), *Freeman v. United States*, 131 S. Ct. 2685 (2011), and is a reasonable, sufficient, and a just sentence.

1

## PROCEDURAL HISTORY

On July 8, 2021, Defendant was arrested on a Criminal Complaint for the charge of Murder in Indian Country. (Dkt. 1). Subsequently, Defendant was Indicted by an Eastern District Grand Jury on three counts: Murder in Indian Country, Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence, and Causing the Death of a Person in the Course of a Violation of Title 18 U.S.C. 924(c) (Dkt. 15). On February 8, 2022, an Eastern District Grand Jury returned a Superseding Indictment containing the same charges.   Finally on June 10, 2022, in order to satisfy the pending Plea Agreement, the Government filed an Information containing the charge of Manslaughter in Indian Country in violation of *18 U.S.C. §§ 1112, 1151, & 1152* (Dkt. 70), and Defendant entered a Plea Agreement (Dkt. 73) to the Information the same day.

## CASE FACTS

On July 2, 2021, the Defendant, Defendant's mother, A.T., and the victim, E.C., were in a vehicle near 600 E. Main Street, Wilburton, Oklahoma. E.C. and Defendant were in a dating relationship at the time of the offense. A.T. was driving the vehicle, Defendant was in the front passenger seat, and E.C. was in the back passenger side seat. During the ride, E.C. became irate with Defendant and started hitting Defendant and pulling Defendant's hair. The altercation worsened to the point where A.T. pulled the vehicle over and demanded E.C. exit the vehicle.  E.C. refused to exit the vehicle and became confrontational with A.T. Defendant grabbed a handgun from A.T.'s purse, exited the vehicle, and told E.C. to get out of the car and leave. When E.C. did not exit the vehicle, Defendant fired multiple shots through the rear passenger window killing E.C. The Medical Examiner determined the cause of death was multiple gunshot wounds and manner of death was homicide. E.C. had a blood alcohol concentration of .04 g/dL, and Methamphetamine in his blood at the time of his death.

2

At the time of booking, Defendant was covered in bruises and informed officers they were caused by E.C. hitting her. Other individuals corroborated Defendant's claim of current and past domestic abuse.

## A SENTENCE OUTSIDE THE CORRECTLY
## CALCULATED GUIDELINE RANGE IS SUPPORTED

The government has no reason to dispute the defendant's history and characteristics, as set forth in the Presentence Investigation Report.  Defendants properly calculated United States Sentencing Guideline offense level is 26 with Criminal History Category II, resulting in an advisory guideline range of 70-87 months (Dkt. 87).

Plea agreements made pursuant to *Fed Rules Crim Proc R 11(c)(1)(C)* call for a specific sentence. The Court may accept the agreement if satisfied either that: the agreed sentence is within the applicable guideline range; or the agreed sentence is outside the applicable guideline range for justifiable reasons; and those reasons are set forth with specificity in the statement of reasons form. *U.S.S.G. § 6B1.2.* The Court should start with the Guidelines when calculating a federal sentence. *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013). When the government and a defendant recommended specific sentence, the court shall give due consideration to the calculated Guideline range to determine the proper sentence. *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011). However, the Guideline range is only one of many factors to determine an appropriate sentence. *Id*. at 2693. Additionally, at sentencing, the court can consider dismissed counts in calculating an appropriate sentence. "The sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *U.S.S.G. § 1B1.3*

Rarely can district courts reduce sentences but district courts can reduce a sentence if there is an amendment to the Guidelines that would reduce a defendant's sentence. *Hughes v. United*

*States*, 138 S. Ct. 1765, 1773 (2018).  Nevertheless, a district court is not required to reduce a sentence just because the Guidelines were amended. The court should only reduce a sentence if a reduction is consistent with both the policy statements of the Sentencing Commission and the 18 U.S.C.S. § 3553(a) factors. *Hughes*, 138 S. Ct. at 1773.

In reaching the Plea Agreement the government considered the advisory guideline sentence for Second Degree Murder. *18 U.S.C.S. § 2A1.2*. The Defendant's applicable guideline range for Second Degree Murder is 188-235 months. *Id*.  The Plea Agreement calls for an agreed upon sentence of 120 months, 68 months below the guidelines for Second Degree Murder. However, a sentence above the advisory guideline range of 70-87 months is appropriate and is justified based on the known facts of the case.

A sentence of incarceration of 120 months is supported by factors set forth in 18 U.S.C. § 3553(a) and the sentence is sufficient, but not greater than necessary to comply with the sentencing factors. The nature and circumstances of the offense were serious, but there were mitigating factors.  A sentence of incarceration for 120 months is appropriate based on the seriousness of the offense and mitigating factors and evidence in the case, promotes respect for the law, affords adequate deterrence for the criminal conduct, the current judicial economy, the legal, factual, and evidentiary issues present in the case, and thereby serves the interest of justice.

Although Defendant plead guilty to Manslaughter in Indian Country, considering the factors set forth in Title 18, United States Code, Section 3553, the facts of the case call for a stiffer sentence than an ordinary Manslaughter case. Here, before firing several shots and killing E.C, Defendant had the wherewithal to reach into A.T.'s purse, retrieve a firearm, exit the vehicle, and demand E.C. to exit the vehicle. Nevertheless, the evidence shows E.C. attacked Defendant prior to his death and Defendant's body had noticeable signs of abuse at the time she was booked into

jail. A sentence of 120 months is appropriate based on the facts, evidence, and nature and circumstances of the case.

Additionally, the Plea Agreement is appropriate in the case because it fairly and accurately represents Defendant's offense. Had the case gone to trial there were three likely results: 1. a guilty verdict of Second Degree Murder, 2. a guilty verdict of Manslaughter, or 3. an outright acquittal. The 120-month sentence does not fall within the specified Guideline range for Manslaughter. As noted in the plea agreement, the sentence is not based on the guideline range.

> The parties acknowledge the specific sentence or sentencing range may depart from the anticipated advisory guideline calculation for the offense(s) to which the defendant is pleading guilty.  In reaching this agreement, the parties have considered various factors including, but not limited to, the events and circumstances leading up to the commission of the offence; judicial economy; and the interests of justice and the legal, factual, and evidentiary issues presented by the case.  The parties agree the specific sentence or sentencing range is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. §3553(a) for this particular case and this individual defendant.

(Doc. 73 at 8). Therefore, the government submits, Defendant would not be eligible for any sentence reductions pursuant to 18 U.S.C.S. § 3582 should the Guidelines be amended.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court accept the agreed upon sentence, pursuant to its Rule 11(c)(1)(C) plea agreement of incarceration for 120 months.

Respectfully submitted.

CHRISTOPHER J. WILSON
United States Attorney

s/ Jordan Howanitz
JORDAN HOWANITZ, TN Bar # 035622
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
Fax (918) 684-51510
Jordan.Howanitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Melanie Keiper, Attorney for Defendant

s/      Jordan Howanitz
        JORDAN HOWANITZ
        Office of the United States Attorney